DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE LUIS LOPEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1859

[May 6, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 432012CF000134.

Margaret Good-Earnest of Good-Earnest Law, P.A., Lake Worth, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Jose Lopez was convicted of lewd or lascivious molestation under section 800.04(5)(b), Florida Statutes (2011), and sentenced to twenty-five years imprisonment. Appellant now challenges his conviction and sentence. Among other arguments, Appellant contends the trial court erred by giving an improper jury instruction concerning collateral crime evidence. For the reasons discussed below, we agree and hereby reverse Appellant's conviction.

Appellant was alleged to have touched the clothed buttocks and pelvic region of an eleven-year-old female friend of his niece. At trial, the State presented testimony from the alleged victim, as well as testimony from another girl who claimed Appellant also touched her inappropriately. Prior to the second girl's testimony, the trial court read the standard *Williams*[1] Rule instruction, explaining the jury could consider the second girl's testimony only "for the limited purpose of proving intent, and the absence

[1] *Williams v. State*, 117 So. 2d 473 (Fla. 1960).

of mistake or accident on the part of the defendant." *See* Fla. Std. Jury Instr. (Crim.) 3.8(a).

At the close of evidence, the trial court once again read a *Williams* Rule instruction. This time, however, the trial court read a modified instruction, provided by the State, allowing the jury to consider the second girl's testimony for "showing the pattern of conduct with this child victim, proof of motive, opportunity, intent, absence of mistake or accident, propensity, and/or lustful state of mind." This second, modified instruction was an incorrect statement of the law and, as such, erroneous.

Section 90.404(2)(a), Florida Statutes (2011), allows for the introduction of collateral act evidence "when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity." This general rule is modified when a defendant is charged with a crime involving child molestation. In that case, "evidence . . . of other crimes, wrongs, or acts of child molestation . . . may be considered for its bearing on any matter to which it is relevant." § 90.404(2)(b)(1), Fla. Stat. (2011).

The Florida Supreme Court elaborated on the statute's criteria for the proper usage of collateral act evidence in child molestation cases in *McLean v. State*, 934 So. 2d 1248 (Fla. 2006). In that case, the Supreme Court held that the admission of collateral crime evidence under section 90.404(2)(b) was constitutional when used to corroborate the victim's testimony rather than to prove the identity of the perpetrator. *Id.* at 1248. However, *McLean* also provided guidelines for when collateral crime evidence was appropriate. In addition to requiring the State to prove the collateral acts by clear and convincing evidence, weighing the probative value of the evidence against its potential unfair prejudice, and limiting the usage of the collateral act evidence so that it does not become "a feature of the trial," the trial court is required, where appropriate, to give an instruction limiting the use of the collateral act evidence. *Id.* at 1251-56.

"Collateral crime evidence becomes an impermissible 'feature' where collateral act evidence 'overwhelms' evidence of the charged crime and becomes 'an impermissible attack on the defendant's character or propensity to commit crimes.'" *Grier v. State*, 27 So. 3d 97, 101 (Fla. 4th DCA 2009) (quoting *Samuels v. State*, 11 So. 3d 413, 418 (Fla. 4th DCA 2009)). We acknowledge that there is a fine line the State must walk when seeking to introduce collateral act evidence. The approved use of such

evidence to show corroboration of a victim's testimony can very easily devolve into an impermissible attack on a defendant's character or propensity to commit crimes. While it is imperative the State refrain from misusing collateral act evidence, the trial court also has an obligation to properly instruct the jury on the acceptable uses of the evidence. Here, the erroneous jury instruction (compounded by the State's repeatedly calling Appellant a "child molester," as discussed below) tainted what may have once been admissible evidence by explicitly allowing the jury to consider the collateral act evidence for propensity and/or lustful intent. This permitted the jury to infer Appellant's guilt of the charged crime based on the accusation of an uncharged crime and asserted propensity to commit crimes of this nature.

We also caution future courts to be mindful of the use of inflammatory and prejudicial language during trial. In this case, the State repeatedly referred to Appellant as a "child molester." The term child molester includes intrinsic negative connotations and is highly likely to evoke an emotional response from jurors. Describing a criminal defendant with such a loaded term encourages the jury to presuppose guilt. The use of such language is therefore unduly prejudicial and should be avoided. *See Petruschke v. State*, 125 So. 3d 274, 279-80 (Fla. 4th DCA 2013) (holding that the prosecutor's use of the word "pedophile" to describe a defendant was reversible error).

Trials involving charges of this nature are inherently emotionally charged. In the instant case, the trial court's second *Williams* Rule instruction improperly allowed the jury to consider collateral act evidence to show Appellant's propensity to commit the charged crime and this error was exacerbated by permitting the State to refer to Appellant as "a child molester." Consequently, Appellant's conviction is hereby reversed and his case remanded to the trial court for a new trial.

*Reversed.*

DAMOORGIAN, C.J., and CONNER, J., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**